# UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS

| | |
|---|---|
| Katlin Ataallah | Civil No. |
| Plaintiff, | |
| V. | |
| Experian Information Solutions, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## INTRODUCTION

This is an action for statutory, actual, and punitive damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

Experian violated the FCRA by failing to clearly and accurately disclose all information in Plaintiff's consumer file as required under 15 U.S.C. § 1681g(a). As a result, Plaintiff suffered significant harm, including emotional distress, inability to properly dispute harmful inaccuracies, and loss of access to credit.

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as Experian regularly conducts

**UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS**

business in this district and a substantial part of the events or omissions giving rise to the claims occurred here.

## PARTIES

Plaintiff Katlin Ataallah is a natural person residing in Massachusetts, and a "consumer" as defined under 15 U.S.C. § 1681a(c).

Defendant Experian Information Services, LLC is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f), with a principal place of business at 475 Anton Blvd., Costa Mesa, CA 92626. It operates nationwide and compiles and maintains files on consumers on behalf of third parties.

## FACTUAL ALLEGATIONS

1. On or about January 19, 2026, Plaintiff lawfully requested a copy of her full consumer file from Experian via https://www.annualcreditreport.com, as allowed by 15 U.S.C. § 1681g(a).
2. The file provided by Experian was incomplete. It lacked crucial information such as full account numbers, internal codes, historical payment details, and full data sets for multiple accounts.

**UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS**

3. Without access to full account identifiers or history, Plaintiff could not determine the origin or validity of negative entries including derogatory accounts that appeared unfamiliar or potentially inaccurate.

4. As a direct result, Plaintiff was unable to effectively investigate or dispute those items, as allowed under 15 U.S.C. § 1681i(a).

5. Shortly thereafter, Plaintiff was denied a Macys/Citi Bank NA on or about August 2022, citing negative Experian data she was never able to identify or validate.

6. Experian's failure to include "all information in the consumer's file" as required under § 1681g(a)(1) caused significant distress and confusion, as Plaintiff attempted to understand unexplained derogatory data that affected her credit score.

7. Plaintiff suffered:

- Emotional distress: including anxiety, trouble sleeping, and depression due to unresolved inaccuracies and confusion.
- Cognitive impact: difficulty focusing at work due to uncertainty around her financial standing.
- Out-of-pocket losses: including fees for credit monitoring services and consultations.
- Credit damage: denial of access to financial products based on unverifiable negative data.

8. The FTC's 2000 advisory opinion (Darcy Letter) confirms that the FCRA prohibits credit reporting agencies from omitting key file information from disclosures to consumers.

9. Federal courts have affirmed this principle. In *Nelson v. Experian Info. Solutions, Inc.*, No. 24-10147 (11th Cir. 2025), the court found that truncating or redacting account data deprives consumers of the right to meaningfully dispute items under the FCRA.

# UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS

10. Despite years of litigation, including federal enforcement by the Consumer Financial Protection Bureau, Experian continues to suppress full file content when fulfilling annual disclosure requests.

11. Experian's failure was willful under 15 U.S.C. § 1681n, or at minimum negligent under § 1681o.

## COUNT I – VIOLATION OF FCRA § 1681g(a)

### Failure to Clearly and Accurately Disclose Consumer File Contents

Plaintiff re-alleges and incorporates all preceding paragraphs.

Experian violated 15 U.S.C. § 1681g(a)(1) by failing to provide Plaintiff with all information in her file at the time of request.

This included omission of full account identifiers, histories, and other data elements that are regularly shared with third-party users of the same report.

Plaintiff was harmed as described above and is entitled to the following relief:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award:

**UNITED STATES DISTRICT COURT FOR THE MASSACHUSETTS**

- Statutory damages of up to $1,000 per violation under 15 U.S.C. § 1681n(a)(1)(A);
- Actual damages under 15 U.S.C. § 1681o(a)(1);
- Punitive damages under 15 U.S.C. § 1681n(a)(2) for willful conduct;
- Attorney's fees and costs under 15 U.S.C. § 1681n(a)(3) and/or § 1681o(a)(2);
- Any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

DATED: January 20, 2026

Respectfully submitted,

Katlin Ataallah

5 Fan Pier BLVD UNIT 619

Boston, MA 02210-2198

mm02131@gmail.com

*Pro Se Plaintiff*